### SOUTHERN HOTEL COMPANY *v.* ZIMMERMAN.

Opinion delivered November 18, 1907.

AGENCY—BURDEN OF PROOF.—In a suit in which plaintiffs sought to bind defendant by a contract made by the former with an agent of the latter, it was error to put upon the defendant the burden of showing that the agent was not authorized to bind defendant.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Youmans & Youmans,* for appellant.

1. There is no testimony that Waller acted for appellant in making the contract except his own statement to Zimmerman. Agency can not be established by the declaration of the alleged agent. 31 Ark. 212; 33 Ark. 251; 33 Ark. 316; 44 Ark. 213; 68 Ark. 225.

2. There could be no ratification by the appellant of the acts of Waller unless it had knowledge of those acts. 64 Ark. 220; 76 Ark. 567.

*Mechem & Mechem,* for appellees.

BATTLE, J. G. E. Zimmerman and J. C. Jones, partners doing business under the firm name and style of Zimmerman & Company, brought an action against Southern Hotel Company, a corporation organized under the laws of Texas, to recover what they alleged was due them "for material furnished and labor performed in plastering and papering rooms on the third floor of the Haylin building, in Fort Smith," in this State. The defendant, answering, denied that it entered into any contract with plaintiffs, or that it purchased any material from them, or that they did any work or furnished any material for it or that it was indebted to plaintiffs in any sum whatever.

In the trial had in the case Zimmerman, one of the plaintiffs, testified that the labor was done and the materials were furnished under contract made by them with C. C. Waller, and under the supervision of one Furlong. Evidence was adduced by the plaintiffs for the purpose of showing that Furlong was the manager of the defendant; that the labor was performed, and the materials were furnished, for the use and benefit of defendant; and that it was responsible for the same; and evidence was adduced by the defendant to prove the opposite.

The court instructed the jury as follows: "1. Plaintiff sues the defendant for work and labor performed for $225 and material furnished, $223, under a contract with C. C. Waller, claiming that said Waller was acting for and on behalf of defendant. Defendant denies its liability, denies that any work or material was furnished to it, or any work or material was furnished for it. It is admitted that the labor was performed and the material was furnished under a contract with C. C. Waller, but denied that Waller had any authority to act for defendant, and the issue to be tried is whether he was acting for defendant, and whether his contract with plaintiffs for labor and material was ratified by defendant."

And the court, over the objections of the defendant, at the request of the plaintiffs, instructed the jury as follows: "When

one has frequently authorized his agent to do acts outside of the line of his ordinary employment, and beyond the scope of his apparent authority, or has commonly ratified such acts when done, other persons with knowledge of the facts who deal with him in reference to similar matters are justified in presuming that he is impowered by his principal to bind him in reference thereto. But the authority is not established by proof that the agent frequently so acted, unless it is also proved, or the circumstances justify the inference, that the person to be charged as principal assented to such acts."

The defendant asked and the court refused to instruct the jury as follows: "In order to recover in this case, plaintiffs must show by the preponderance of the evidence that Waller and Furlong, or Waller, or Furlong, had the authority from the Southern Hotel Company to enter into the contract for the work and material the price of which is herein sued for. The fact that Furlong is in charge of the hotel of the defendant at Ft. Smith is not sufficient of itself to authorize you to infer that such authority had been given." But modified it by adding the following: "A general authority implies his right to act for the company, but defendant may show that neither Waller nor Furlong has such authority," and gave it as modified.

The jury returned a verdict in favor of the plaintiffs for $448.91. Judgment was rendered accordingly, and the defendant appealed.

The instruction given over the objection of appellant, at the request of appellees, was abstract and misleading. There was no evidence upon which to base it. As the evidence supporting the verdict is weak and inconclusive, it was prejudicial. The modification of the instruction requested by appellant is subject to criticism. The objectionable language is: "but defendant may show that neither Waller nor Furlong has such authority." Standing alone and unexplained, it might be construed to mean that the burden was upon the appellant to show that Waller or Furlong did not have authority from appellant, if such was the fact, to do what they undertook to do. Such is not the law.

Reversed and remanded for a new trial.